U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 1 7 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CAJUN WHOLESALE DISTRIBUTING | CIVIL ACTION 14-cv-1227 |
| VERSUS | JUDGE HAIK |
| SWAMP DUST, LLC, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b), or, in the alternative, to Transfer Venue. (Doc. #12, corrected document #14).

Defendants argue they have been developing, selling, and promoting a seasoning product named "Swamp Dust" since as early as 1980. Since 1996, they claim Swamp Dust has been continuously sold and promoted in Georgia and Florida. The defendants have also owned the internet domain "swampdust.com" since 2005. Additionally, an application to federally register Swamp Dust in connection with seasonings, establishing a nationwide use of the mark, was filed with the United States Patent and Trademark Office. Federal Trademark Registration No. 3,753,360 was issued to defendant Sharon Teal for the name Swamp Dust. In February and April 2014, the defendants applied for a registration of Swamp Dust as a Louisiana trademark. The defendants are and have been continuously located in Georgia.

Cajun Wholesale Distributing claims it has used the name Swamp Dust to identify boiled seafood seasoning since at least 1998. Cajun Wholesale argues it did not know of the defendants' claim to the Swamp Dust name until it received a cease and desist letter on June 13, 2014. Cajun Wholesale argues the question of the rights to the name have caused a chilling

effect on its business and that is why it filed the declaratory judgment action in this court. Further, Cajun Wholesale argues that, although the defendants threatened a lawsuit in its letters, Cajun did not have any obligation to wait and see if that action would come to pass. Additionally, Cajun Wholesale contends that Louisiana is the more convenient venue as the majority of witnesses and evidence regarding its use of the trademark are located here.

On June 6, 2014, counsel for the defendants sent the first cease and desist letter was sent from the defendants to Cajun Wholesale. It clearly threatened an infringement suit and risk of damages if Cajun failed to comply with the demands to cease infringement on the trademark. Cajun Wholesale filed suit in this court on June 13, 2014. Two additional demand letters were sent on June 16, 2014, clearly noting, "Accordingly, we are moving forward with suit because my Client owns the registered Trademark." Summons in this suit was issued on June 17, 2014. On September 2, 2014, Cajun Wholesale was sued by the instant defendants over the same trademark infringement controversy in the United States District Court for the Northern District of Georgia (C.A. No. 3:12-cv-140-TCB).

The Court recognizes this is a textbook case of the first-to-file rule battling with the principles of fairness and equity arising from the true plaintiff in a controversy being entitled to choose the forum. In this case, the Court finds the true plaintiffs are Swamp Dust, L.L.C. and the Teals. They are the trademark holders and the original users of the Swamp Dust name. Additionally, they are the parties who put the controversy on the table by notifying an alleged infringer of their rights to the trademark. Cajun Wholesale's claims are tantamount to defenses to the claims by the now-defendants. They clearly anticipated the now-defendants filing suit, which is recognized by Cajun Wholesale on page 5 of its Memorandum in Opposition (Doc. #23) where it states, "Cajun Wholesale was assured of suit if it did not acquiesce." The preemptive

filing is essentially forcing the true plaintiff into a forum it did not choose, contrary to fairness and equity.

Under the Declaratory Judgment Act, a "district court has a measure of discretion in deciding to entertain the action." *St. Paul Insurance Co. v. Trejo,* 39 F.3d. 585 (5th Cir., 1994). The Fifth Circuit set forth factors in that case, referred to as the *Trejo* factors, for a court to consider in determining whether to exercise its discretion to dismiss a declaratory judgment action. They are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit would serve the purposes of judicial economy. *See: Sherwin Williams Co. V. Holmes County,* 343 F.3d. 383 (5th Cir., 2003).

In this case, there is not a pending state court action in which all of the matters may be fully litigated, so there are no federalism issues at hand. However, there is a pending federal court matter filed by the now-defendants in Georgia, their choice of forum, where all matters may be fully litigated. Turning to the second factor, it is clear from the writings that Cajun Wholesale filed suit in anticipation of a lawsuit forthcoming by Swamp Dust, LLC and the Teals. As noted above, it has admitted to same in its Opposition filed as Record Document #23. Knowing a lawsuit was forthcoming, which was likely to be filed outside of Louisiana as the now-defendants reside in Georgia, and quickly filing a declaratory judgment action in this forum appears to be a case of forum shopping by the plaintiffs. That is, Cajun Wholesale would prefer this suit be heard in its home forum and, as such, filed suit before it was brought into another court. Cajun

Wholesale argues it is also seeking to assert further claims for cancellation of the defendants' federal and Louisiana trademarks, unfair trade practices, unfair competition, and dilution, making it the true plaintiff, but this argument does not carry a tremendous amount of weight. Although forum selection is generally not improper, if a preemptive suit is filed in a forum not of the true plaintiff's choice, essentially cutting the true plaintiff at the knees, it is improper. That appears to be the case here.

The fourth factor pertains to possible inequities which may arise from the action being filed by Cajun Wholesale in Louisiana. The now-defendants note, "Although this case will likely be decide under the Lanham Act, state law claims may be relevant. If so, it would be inequitable to allow this preemptive suit to dictate state law claims." The Court agrees and notes allowing an alleged infringer to proceed in a declaratory judgment matter divests the true plaintiff of its right to choose its forum. In this case, the true plaintiffs have chosen to pursue their claims in Georgia, where the witnesses and evidence supporting their rights are located. On that note, factor 5 involves the convenience of the forum to the parties and witnesses. This factor is essentially a draw in this case. The witnesses and evidence are more convenient for Cajun Wholesale in Louisiana and more convenient for the now-defendants in Georgia. With that, it is noted that Cajun Wholesale has conducted business in Georgia and, consequently, falls under its jurisdiction. Finally, factor 6, the purposes of judicial economy are likely to be served in either this forum or the Georgia district court. This factor, too, is a draw.

The true plaintiffs in this matter, Swamp Dust LLC and the Teals, are the trademark holders of the Swamp Dust name and the parties allegedly aggrieved by the infringement on their established rights by Cajun Wholesale. It was their notification of the alleged infringement, and the threat of legal action as a result, that gave rise to the controversy between the parties. The

true plaintiffs' choice of forum is the United States District Court for the Northern District of Georgia, where they filed suit on September 2, 2014 for claims arising out of the same set of facts and circumstances as the instant matter.

For the foregoing reasons, the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b), or, in the alternative, to Transfer Venue. (Doc. #12, corrected document #14) is **GRANTED** as to the portion of the motion seeking dismissal and is denied in all other respects. Consequently, this matter is **DISMISSED** in its entirety, allowing the parties to litigate these issues in case number C.A. No. 3:12-cv-140-TCB, currently filed in the Northern District of Georgia, which this Court considers to be the proper forum.

**THUS DONE** and **SIGNED** on this **17th day of March, 2015.**

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE